# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERBEY ALANIS BOTELLO,

Defendant-Appellant

_____

Consolidated with No. 18-20226

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERBEY BOTELLO-ALANIS, also known as Javier Garcia,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-870-8
USDC No. 4:17-CR-719-1

No. 18-20225
c/w No. 18-20226

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Erbey Botello-Alanis, who had been convicted previously of possession with intent to distribute 100 kilograms or more of marijuana, pleaded true to violating the terms of his supervised release by reentering the United States illegally. He also pleaded guilty to the illegal reentry offense. The district court sentenced him to 37 months of imprisonment and a three-year term of supervised release on the illegal reentry offense and a consecutive term of eight months of imprisonment on the supervised release revocation. Botello-Alanis appeals the revocation of his supervised release and the sentence imposed in the illegal reentry case.

Botello-Alanis argues that the district court erroneously failed to verify that he knowingly and voluntarily waived his Federal Rule of Criminal Procedure 32.1 rights and asks that we extend the holding of *Boykin v. Alabama*, 395 U.S. 238 (1969), to revocation hearings. Botello-Alanis also argues that the district court did not specifically obtain a plea of true from him at the revocation hearing and that such an omission violated his due process rights.

Because Botello-Alanis did not raise these objections at the revocation hearing, we review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To succeed under this standard, Botello-Alanis must show a forfeited and clear or obvious error that affects his substantial rights. *See id.* If he makes this showing, we have the discretion to correct the error if it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have not addressed the issue whether *Boykin* is applicable to supervised release revocation hearings. Given the lack of controlling authority in support of Botello-Alanis's argument and the contrary jurisprudence from other circuits, any error by the district court with regard to failing to ascertain the knowing and voluntary nature of the plea was not clear or obvious and, thus, does not meet the plain error standard. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). In addition, the record belies Botello-Alanis's claim that the district court did not elicit a plea of true at the revocation hearing.

Botello-Alanis also argues that the within-guidelines sentence imposed by the district court in the illegal reentry case was substantively unreasonable. He explains that he came to the United States to support his children and to escape drug cartels. Botello-Alanis claims that the Government and the district court ignored these facts and placed too much weight on his criminal history. He also asserts that his previous sentence reduction should not have been a basis for imposing a lengthy sentence in the instant case. Because Botello-Alanis did not object to the substantive reasonableness of his sentence at the time it was imposed, we review for plain error only. *See Puckett*, 556 U.S. at 135.

A sentence within or below a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). The presumption may be rebutted by a showing that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant

or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (internal quotation marks and citation omitted).

The record in the instant case demonstrates that the district court made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Botello-Alanis has not shown that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See Simpson*, 796 F.3d at 557-58. Therefore, Botello-Alanis has not shown any error, plain or otherwise, with respect to the substantive reasonableness of his sentence. *See Puckett*, 556 U.S. at 135.

The judgments of the district court are AFFIRMED.